# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ERIC A. COHEN, | ) |
| Plaintiff, | ) |
| | ) No. 17 C 4385 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| POWER SOLUTIONS INTERNATIONAL, INC., | ) |
| Defendant. | ) |

## OPINION AND ORDER

After Defendant Power Solutions International, Inc. ("PSI") fired Plaintiff Eric A. Cohen, Cohen filed suit against PSI. Cohen alleges that PSI fired him because he was a whistleblower: prior to his termination, he reported to senior executives at PSI and PSI's Board of Directors that he had discovered widespread fraud and malfeasance at the company. PSI now moves for judgment on the pleadings with regard to Counts II and IV of Cohen's complaint. Three of the counts in Cohen's complaint are relevant for the purpose of deciding this motion. All of those counts involve claims for retaliation, in violation of (1) the Sarbanes-Oxley Act ("SOX"), 18 U.S.C. § 1514A (Count I); (2) the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 ("DFA"), 15 U.S.C. § 78u-6 (Count II); and (3) Illinois common law (Count IV).

After the parties fully briefed this motion, the Supreme Court issued a conclusive decision regarding the DFA. *See Digital Realty Trust, Inc. v. Somers*, --- U.S. ----, 138 S. Ct. 767, 772, 200 L.E. 2d 15 (2018). Cohen then withdrew his opposition to PSI's motion regarding the DFA claim (Count II), and this Court granted judgment in favor of PSI regarding Count II. Thus, all the Court must decide is whether to grant judgment on the pleadings with regard to Count IV, Cohen's Illinois common law claim for retaliatory discharge. PSI argues that Cohen's

SOX claim provides an adequate alternative remedy, and so Illinois law precludes a common law retaliatory discharge claim for the same act of retaliation. Cohen responds that the claims are distinct in that they require a plaintiff to prove different elements, and cover different portions of protected conduct that ultimately led to his retaliatory discharge. Because the Court finds that Cohen has an adequate alternative remedy in SOX, the Court grants judgment in favor of PSI on Count IV.

## BACKGROUND[1]

Cohen acted as PSI's Chief Operating Officer from April 2012 through May 2016. Although Cohen's work experience at PSI was positive for the first few years, the relationship soured in early 2016, when Cohen became suspicious of PSI's financial dealings after learning that PSI was experiencing a cash shortage and severe revenue fluctuation. Upon investigation, Cohen discovered that PSI had engaged in sham transactions, channel-stuffing, and other financial and accounting misconduct.

Throughout early 2016, Cohen reported his concerns to senior executives at PSI, as well as PSI employees. He also presented them to PSI's Board of Directors and Audit Committee on April 28, 2016. On May 2, 2016, PSI's then-CEO Gary Winemaster provided Cohen with an "Action Plan" conveniently dated April 27, 2016, which set forth various complaints about Cohen's over the past six months. Winemaster told Cohen that the PSI Board wanted the Action Plan. This was the first time Cohen had received any complaints about his performance at PSI. Though the Action Plan is dated April 27, 2016, no one raised the issues described in the Action

---

[1] In deciding PSI's motion for partial judgment on the pleadings, the Court considers Cohen's complaint and PSI's answer in the light most favorable to Cohen. *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452–53 (7th Cir. 1998); *Drager v. Bridgeview Bank*, No. 1:10-cv-7585, 2011 WL 2415244, at *3 (N.D. Ill. June 13, 2011) (court may consider affidavit attached to defendant's answer in ruling on Rule 12(c) motion without converting motion into a motion for summary judgment).

Plan at the meeting of PSI's Board and Audit Committee on April 27 and 28, which Cohen attended.

Cohen responded to the Action Plan on May 5, 2016 in a "point-by-point letter" that reiterated Cohen's general concerns about PSI's financial and accounting practices. On May 13, 2016, PSI's Chief Legal Counsel William Buzogany responded to Cohen's May 5 letter, instructing him to comply with the Action Plan. Cohen met with Buzogany and Winemaster on May 16, 2016. At this meeting, Winemaster and Buzogany fired Cohen. After being fired, Cohen sent the Board another letter, again detailing the misconduct he believed was occurring at PSI and stating that PSI fired him because he reported this misconduct.

## LEGAL STANDARD

"A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014). A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual

3

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

PSI urges this Court to grant judgment in its favor with regard to Cohen's common law retaliatory discharge claim. According to PSI, Cohen's SOX claim provides an adequate alternative remedy that precludes a common law retaliatory discharge claim under Illinois law. Cohen responds that the two claims are distinct from each other because the elements required to satisfy each claim are different.

Illinois courts do not permit common law claims for retaliatory discharge where there is an adequate alternative remedy available that renders the common law remedy superfluous. *See Zwick v. Inteliquent, Inc.*, 83 F. Supp. 3d 804, 809 (N.D. Ill. 2015); *Stebbings v. Univ. of Chicago*, 726 N.E.2d 1136, 1141, 312 Ill. App. 3d 360, 244 Ill. Dec. 825 (2000). In *Stebbings*, the Illinois Appellate Court noted that "a court might even be obligated to dismiss the claim in such a situation, for one of the factors that a court considers in deciding whether to allow a retaliatory discharge claim is the existence of an adequate alternative remedy." 726 N.E.2d at 1141. Multiple courts in this District, including this Court, have found that common law retaliatory discharge claims cannot stand when the plaintiff also claims that the retaliation violates a statutory right. *See O'Risky v. Mead Johnson Nutrition Co.*, No. 17 C 1046, 2017 WL 3421552, *4 n.2 (N.D. Ill. Aug. 8, 2017) (noting in *dicta* that the plaintiff had adequate statutory remedies under SOX, precluding any common law claim); *Zwick*, 83 F. Supp. 3d at 809 (same); *McCormack v. Medcor, Inc.*, No. 14 CV 3551, 2014 WL 5622172, at *3, 6 (N.D. Ill. Nov. 4, 2014) (holding that the plaintiff's remedies under the FMLA and ADA precluded recovery under a common law retaliation claim).

4

Cohen argues that the Seventh Circuit ruled that alternative forms of relief do not bar common law retaliation claims. Doc. 39 at 7. The cases that Cohen cites in favor of this proposition are all distinguishable. For example, in *Brandon v. Anesthesia & Pain Management Associates, Ltd.*, the Seventh Circuit did allow the plaintiff's common law claim to proceed, but it did so in light of the fact that it was "unclear at best" that the plaintiff actually had a viable alternative remedy under the False Claims Act. 277 F.3d 936, 945 (7th Cir. 2002). The *Brandon* court acknowledged that an adequate alternative remedy is "one of many factors" that courts consider "in a pragmatic approach toward determining when the tort of retaliatory discharge will lie." *Id.* In *Arres v. IMI Cornelius Remcor, Inc.*, the circuit court again considered a situation where the plaintiff had brought a common law retaliation claim and the defendant argued that the possibility of a statutory remedy precluded the common law claim. 333 F.3d 812, 813 (7th Cir. 2003). The court noted that "the availability of a federal remedy does not automatically preclude a state retaliatory-discharge claim," but it noted this in light of the fact that the federal claim did not necessarily apply to the plaintiff. *Id.* at 814. Finally, the same situation occurred in *U.S. ex rel. Rockey v. Ear Institute of Chicago*, the third case Cohen cites. 92 F. Supp. 3d 804, 829 (N.D. Ill. 2015) (whether the FCA provides the plaintiff "with an adequate remedy remains 'unclear,' and thus her possibly valid FCA retaliation claim is an insufficient ground on which to dismiss her state law retaliation claim").

Unlike the situations in the cases cited above, here, Cohen alleges that his termination did violate a federal statute—specifically, SOX. And, as noted above, courts in this District have already found that SOX provides adequate alternative remedies, rendering a common law retaliation claim unnecessary. *Zwick*, 83 F. Supp. 3d at 809. Cohen's attempts to distinguish these cases are not persuasive. For example, Cohen attempts to distinguish *Zwick* by arguing

5

that the defendants in that case did not dispute that the plaintiff's conduct was statutorily protected. Doc. 39 at 9. However, this is merely noting that the defendants did not move to dismiss that count—a fact that the *Zwick* defendants actually have in common with PSI. This ties into Cohen's more general argument that, because the claims require the plaintiff to prove different elements, the claims are distinct from each other and so the common law claim should survive. It is true that the conduct protected by the statute may differ slightly from the conduct protected by a common law retaliatory discharge claim (for example, Cohen points out that situations where he reported PSI's financial wrongdoing to employees who did not have supervisory authority would not be covered by SOX). However, both claims arise out of the same termination. Even though the protected conduct is not exactly the same, it is substantially similar. Both claims rely on Cohen's reports to various employees and groups within PSI that PSI was engaging in financial misconduct. The *Zwick* court addressed the same two claims, and found that the SOX claim provided an adequate alternative remedy. 83 F. Supp. 3d at 809. This Court agrees. Because Cohen's SOX claim provides an adequate alternative remedy, Cohen does not have a proper common law claim for retaliatory discharge in Illinois.

## CONCLUSION

For the foregoing reasons, the Court grants judgment in favor of PSI regarding Count IV.

Dated: April 23, 2018

_____
SARA L. ELLIS
United States District Judge